**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) CHRISTOPHER COLEMAN, ) *individually*, ANGELA DECICCO and ) MARIO WEISS, *as Special* ) *Administrators of the Estates of Sheri* ) *Coleman, Garret Coleman, and Gavin* ) *Coleman, Deceased*, ) ) Defendants. ) | Case No. 09-cv-523-JPG |

## MEMORANDUM AND ORDER

This matter is before the Court on its own initiative for purposes of case management. On July 13, 2009, American Family Mutual Insurance Company (hereinafter "American") filed its Complaint for Declaratory Judgment (Doc. 2) invoking the Court's diversity jurisdiction. Following Judge Michael J. Reagan's recusal, this case was reassigned to Judge J. Phil Gilbert on October 16, 2009.

The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). After initial review of the complaint, the Court finds American's jurisdictional allegations to be insufficient. *See Id.*; *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). According to § 1332(c)(1), a corporation is a citizen of both its state of incorporation and the state of its principal place of business. American has stated that it "is a mutual

insurance company incorporated in the State of Wisconsin and is therefore a citizen of the State of Wisconsin." (Doc. 2, ¶ 1). This is insufficient to establish diversity jurisdiction. American must affirmatively allege its state of incorporation and principal place of business.

In addition, pursuant to § 1332(c)(2), the legal representative of an estate is a citizen of the state of the decedent. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008). American merely alleges the residence of the defendant decedents and the citizenship of decedents' Special Administrators; while the former likely represents decedents' state of citizenship, American's current pleading fails to establish diversity jurisdiction on this ground as well.

Accordingly, the Court **ORDERS** American to amend its complaint to correct these and any other jurisdictional allegation by November 6. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If American fails to do so, the Court will dismiss this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED: October 23, 2009**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. District Judge**