### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY ) ) ) Plaintiff, ) ) v. ) ) CHRISTOPHER COLEMAN, ) *individually*, ANGELA DECICCO, ) *as Special Administrator of the Estates* ) *of Sheri Coleman, Garett Coleman, and* ) *Gavin Coleman, Deceased*, and ) MARIO WEISS, *as Special* ) *Administrator of the Estates of Sheri* ) *Coleman, Garett Coleman, and Gavin* ) *Coleman, Deceased*, ) ) Defendants. ) | Case No. 09-cv-523-JPG |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff American Family Mutual Insurance Company's ("American") Motion for Entry of Default Judgment (Doc. 15) against Defendant Christopher Coleman. American brings this suit for declaratory judgment in federal court due to alleged diversity of citizenship. *See* 28 U.S.C. § 1332 (2006). Specifically, American seeks a declaratory judgment against Coleman, Angela DeCicco, and Mario Weiss stating the following: 1) the homeowner's policy at issue, Policy No. 12-BH0872-01, provides no coverage for the liability of Coleman as to the death of his wife and sons (for which Coleman has been charged with first degree murder), and; 2) American has no duty to defend or indemnify Coleman from wrongful death claims brought by DeCicco and Weiss in Monroe County, Illinois. American cites the policy's intra-insured suits clause and intentional acts clause as its basis for relief.

1

Coleman was served with process on July 17, 2009, but has not pled or otherwise defended this action. Subsequently, the Clerk of Court entered default against him on September 9, 2009. Meanwhile, attorneys for both DeCicco and Weiss have filed notices of appearance.

American now asks for default judgment against Coleman. Because the claims against DeCicco and Weiss remain pending, any judgment entered by the Court against Coleman must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party. *See Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986). Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b), the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether

the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Inv.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). In certifying a ruling for immediate appeal under Rule 54(b), a district court must expressly determine that there is no just reason for delay, using that exact phrase, and expressly direct that final judgment be entered. *See Granack v. Cont'l Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).

Here, entry of judgment against Coleman pursuant to Rule 54(b) is inappropriate in light of DeCicco and Weiss's continued presence in this action. Both DeCicco and Weiss have an interest in whether Coleman's insurance policy issued by American covers their claims against him. *See, e.g., Sec. Ins. Co. of Hartford v. Schipporeit, Inc.* 69 F.3d 1377 (7th Cir. 1995) (finding plaintiffs' interest in underlying defendant/insured's policy sufficient to avoid a Rule 54(b) default judgment against insured in insurer's action seeking declaration of non-coverage). Thus, interests of DeCicco and Weis are closely intertwined with Coleman's, and where the interests of parties are closely related, a Rule 54(b) judgment is inappropriate against some but not all of those parties.

For the foregoing reasons, the Court **DENIES without prejudice** the instant motion (Doc. 15).  American may reapply for default judgment against Coleman when all claims involving all parties have been resolved.

**IT IS SO ORDERED.**
**DATED: November 19, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
