UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,    Plaintiff,  v.  CHRISTOPHER COLEMAN, *individually*, ANGELA DECICCO, *as Special Administrator of the Estates of Sheri Coleman, Garett Coleman, and Gavin Coleman, Deceased*, and MARIO WEISS, *as Special Administrator of the Estates of Sheri Coleman, Garett Coleman, and Gavin Coleman, Deceased*,    Defendants. | Case No. 09-cv-523-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff American Family Mutual Insurance Company's (hereinafter "American Family") Motion for Summary Judgment (Doc. 36) and Memorandum (Doc. 37) in support thereof. Despite the Court's entry of a show cause Memorandum and Order (Doc. 41), none of the Defendants filed a response brief.

For the following reasons, the Court, *inter alia*, **GRANTS** the instant motion.

### BACKGROUND

**I.     Facts**

Before analyzing a summary judgment motion, the reviewing court must construe the evidence in the light most favorable to the nonmoving parties and draw all reasonable inferences in favor of those parties. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*

1

*v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The Court, accepting all of Defendants' allegations as true and drawing all reasonable inferences in their favor, finds as follows:

American Family issued a homeowner's insurance policy, Policy No. 12-BH0872-01, to Defendant Christopher Coleman (hereinafter "Christopher") and his wife, Sheri, which was in effect from March 1, 2009, to March 1, 2010.  As with any insurance policy, the Coleman's policy contained certain exclusions from coverage.  One of these was for intra-insured suits.  Specifically, the policy stated that "[American Family] will not cover **bodily injury** to any **insured**."  (Doc. 36-4, p. 3) (emphasis in original). The policy contained the following definition of an "insured": "**[i]nsured** means **you** and, if residents of **your** household: (1) your relatives . . . ." (Doc. 36-3, p. 4) (emphasis in original).  It also listed the definition of "bodily injury" as "bodily harm, sickeness or disease . . . [and includes] death."  *Id*.

On or around May 5, 2009, Sheri Coleman and her two sons with Christopher, Garett and Gavin, were found dead inside the family's home in Columbia, Illinois.  Shortly thereafter, Christopher was charged in Monroe County, Illinois, with the first degree murder of his wife and boys.[1]

On May 26, Defendants Angela DeCicco (hereinafter "DeCicco") and Mario Weiss (hereinafter "Weiss") were appointed as special administrators for the estates of Sheri, Garett,

---

[1]As of the time of this memorandum and order, Christopher continues to await trial on the murder charges.  *See* George Pawlaczyk, "Importing Jurors for Coleman Trial Is a Rare Practice," Belleville News-Democrat (Apr. 20, 2010), *available at* http://www.bnd.com/2010/04/20/ 1222760/importing-jurors-is-uncommon-practice.html (reporting that "the high-profile case . . . may come to trial in August [2010]").

and Gavin. That same day, the two filed a wrongful death action against Christopher, *DeCicco v. Coleman*, Case No. 09-L-14 (Ill. Cir. Ct. Monroe Co. May 26, 2009), wherein it was alleged, *inter alia*, that "Christopher . . . was guilty of causing the death of [Sheri, Garett, and Gavin]." (Doc. 36-1, p. 2, 4). American Family does not dispute that the insurance policy issued to Christopher and Sheri was in effect at the time of Sheri, Garett, and Gavin's death, but, as best evidenced by the instant lawsuit, does dispute coverage.

## II.     Relevant Procedural Posture

On July 13, 2009, American Family filed a Complaint (Doc. 2) for declaratory judgment with this Court, alleging federal jurisdiction by way of diversity of citizenship. *See* 28 U.S.C. § 1332 (2006). However, due to deficient jurisdictional allegations in its original complaint, (*see* Doc. 21), American Family would be forced to file the now-operative Amended Complaint (Doc. 24) on October 28.

In essence, American Family seeks a declaratory judgment against Defendants that would state the following: 1) the homeowner's insurance policy at issue provides no coverage for the liability of Coleman as to the death of his wife and sons, and; 2) American Family has no duty to defend or indemnify Christopher from the wrongful death claims brought by DeCicco and Weiss. Under "Count I" and "Count II," American Family cites the policy's intra-insured suits clause and intentional acts clause respectively as the bases for its sought relief.

On January 6, 2010, American Family filed its summary judgment motion, arguing that judgment in its favor is proper pursuant to the policy's intra-insured suits clause.[2] As discussed

---

[2] As the prosecution of Coleman remains ongoing, it can safely be assumed that any argument of non-coverage due to the policy's intentional acts clause would be necessarily incomplete.

*supra*, none of the Defendants filed a response brief to the instant motion. In fact, while DeCicco and Weiss filed an Answer (Doc. 31) to the amended complaint, Christopher has yet to even act in this litigation. Accordingly, as referenced in the Court's show cause order, (*see* Doc. 41, p. 1), the Court can and will construe Defendants' failure to respond as an admission of the merits of the instant motion and enter judgment accordingly.[3]

## ANALYSIS

### I.     Summary Judgment Generally

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties,"

---

[3]Nevertheless, per *Anderson* and *Spath*, the Court assures Defendants that it has taken all evidence and reasonable inferences in their favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

II.    **The Intra-Insured Clause Is Valid and Applicable, thereby Mandating that Coverage Does Not Exist under the Coleman's Policy and that American Family Has No Duty to Defend nor Duty to Indemnify**

With respect to the governing law in cases brought under a federal court's diversity jurisdiction, the district court generally applies the law of the forum state, which in this case would be Illinois.  *See, e.g., Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 547 F.3d 882, 886 (7th Cir. 2008).

Turning to applicable insurance law, "[i]t is well settled that [an insurer's] duty to indemnify is narrower than the duty to defend." *Am. States Ins. Co. v. CFM Constr. Co.*, 923 N.E. 2d 299, 306 (Ill. App. Ct. 2010).  Specifically, while the duty to defend will arise if "there are factual allegations that potentially fall within coverage[,] . . . the duty to indemnify turns on whether the claim is covered by the policy." *Id*.

Here, Illinois insurance law clearly dictates that American Family need not defend nor indemnify Christopher in the ongoing civil action instituted by DeCicco and Weiss.  First, the Court has no reason to believe that the intra-insured clause is contrary to public policy; in fact, Illinois courts have held the exact intra-insured clause at issue to be valid.  *See, e.g., Am. Family Mut. Ins. Co. v. Niebuhr*, 860 N.E.2d 436, 441 (Ill. App. Ct. 2006) (collecting cases).  Second, and more importantly, the clause explicitly excludes American Family from covering suits

5

brought by an insured against an insured.  DeCicco and Weiss' suit is brought on behalf of Sheri, who was a named insured, as well as Garett and Gavin, who were insured under the terms of the policy.  And, of course, their suit was brought against Christopher, the other named insured under the policy.  The posture of the civil action therefore activates the intra-insured clause and bars Christopher from coverage because not even factual allegations made by Defendants could possibly fall within coverage.  To use the appropriate summary judgment language, no genuine of material fact exists on the issue of whether an intra-insured suit has been brought by DeCicco and Weiss, thereby mandating that coverage does not exist under the policy and that American Family has no duty to defend nor indemnify Christopher.

Like American Family, the Court need not address the intentional acts provision due to the dispositive effect of the intra-insured clause.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** American Family's Motion for Summary Judgment (Doc. 36) on Count I of the Amended Complaint (Doc. 24), alleging invocation of the intra-insured clause of American Family's Policy No. 12-BH0872-01 and mandating that coverage does not exist under said policy and that American Family has no duty to defend nor indemnify Christopher.  The Court **DISMISSES** Count II, alleging invocation of the intentional acts clause, **without prejudice**.  Further, the Court **DISMISSES** this case **with prejudice**.  Finally, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: April 22, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**